Pyatt *v.* Gallaher.

## J. W. PYATT *v.* MARY B. GALLAHER *et al.*

1. PROCESSIONING ACT. *Notice.* In proceedings under the processioning act, all parties interested must have notice. It is therefore error to admit the proceedings as proof in an action of ejectment, where the widow of a deceased claimant gave notice, but the heirs had no notice.

2. EJECTMENT. *Description of the land.* It is error for the court to charge in an action of ejectment, that " the jury may correct errors in the calls of the declaration by the proof, in the same way that a grant may be corrected by reference to the plat and certificate." A plaintiff cannot sue for one tract of land, and upon proof, recover a different tract. The declaration must describe the land with substantial accuracy.

FROM ANDERSON.

Appeal in error from the Circuit Court of Anderson county.   D. K. YOUNG, J.

HOUK & GIBSON for Pyatt.

HENDERSON & JOUROLMON for Gallaher.

DEADERICK, C. J., delivered the opinion of the court.

Mary B. Gallaher, widow, and the other defendants in error, heirs at law of Benjamin H. Gallaher, brought this action of ejectment against plaintiff in error. They had a verdict and judgment in their favor, from which Pyatt has appealed to this court.

His counsel insists that several errors were committed against him, in the progress of the trial, for which he asks a reversal of the judgment.

19—VOL. 3.

1. Under the act for processioning land, Code, sec. 2020, *et seq.*, Mary B. Gallaher, the widow of deceased, had procured a survey to be made of the lines of the tract descended to her husband's heirs, about which the dispute arose. The line was run and marked by the surveyor and his certificate was registered. These proceedings, or a certified copy, was offered in evidence on the trial to establish plaintiff's title, and over the objection of defendant admitted, and allowed to go before the jury.

The objection taken was, that the notice given was signed only by Mrs. Gallaher, the widow to whom no dower in the land had been assigned, and that no service of the notice was had.

None of the heirs-at-law of Benj. H. Gallaher were parties to said proceedings or in any way bound by them. The statute contemplates that the party who owns the land shall institute the proceedings.

In *Chowning & Payne* v. *Simmons*, 5 Hum., 299, it was held that such proceedings must be in strict conformity to the statute, and that to operate as an estoppel, all the parties must be mutually bound.

It is very clear that none of the heirs-at-law of said Benjamin, who are parties to this suit, were bound, and it is equally clear Pyatt is not, and it was error to admit said proceedings as evidence against him.

The Circuit Judge instructed the jury in relation to an apparent conflict, in the description of the land sued for, in the declaration and title paper, that "the jury may correct errors in the calls of the declaration, by the proof, in the same way that errors in

Pyatt *v.* Gallaher.

the grant may be corrected, by reference to the plat and certificate." His Honor afterwards said correctly, that "it is sufficient if the land be substantially described in the declaration."

The first proposition is erroneous, because the proof must correspond with the allegations of the declaration. A plaintiff cannot sue for one tract of land, and upon proof of ejectment from a different tract, recover.

But the description of a tract of land in a declaration in ejectment, need not necessarily be by metes and bounds—where it can be done, this is the better and safer mode of describing it. But if described with substantial accuracy, so that the sheriff, upon a general verdict for plaintiff, could give him possession, it will be sufficient.

Our statute requires that the land sued for, shall be described "with convenient certainty, by metes and bounds or other appropriate description." Code, section 3235.

Let the judgment be reversed.